[Civil No. 4054. Filed May 29, 1939.]

[90 Pac. (2d) 994.]

FRANK ENGLE and JACK SHOWELL, Doing Business as WESTERN NEWS EXCHANGE, Appellants, v. VERNON L. CLARK, Appellee.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellants.

Mr. Leslie C. Hardy, for Appellee.

LOCKWOOD, J.—Vernon L. Clark, a private citizen, hereinafter called plaintiff, brought suit against Frank Engle and Jack Showell, hereinafter called defendants, doing business as Western News Exchange, and the Mountain States Telephone and Telegraph Company, a corporation, seeking to enjoin defendants from maintaining and carrying on a certain business described in the complaint, and to enjoin the telephone company from furnishing to defendants any telephone or telegraph instrument for the purpose of transmitting information pertaining to that business.

We have just decided the case of *Engle and Showell* v. *State,* 90 Pac. (2d) 988, *ante,* p. 458, and under the rule laid down in *Stewart* v. *Phoenix Nat. Bank,* 49 Ariz. 34, 64 Pac. (2d) 101, take judicial notice of the records in No. 876, *supra.* We, therefore, know that the business described in the complaint in the present case has been declared by us to be a public nuisance, under section 4693, Revised Code of 1928, but that it does not violate any of the provisions of chapter 104, section 4627 et seq., Revised Code of 1928, which deals with many specified crimes.

The ordinary rule of law is that a public nuisance may not be enjoined at the suit of a private person unless he avers and proves some special injury. *Arizona Copper Co., Ltd.,* v. *Gillespie,* 12 Ariz. 190, 100 Pac. 465; 46 C. J. 728, 729, and cases cited. This rule, however, has been modified in many jurisdictions by statutes which allow the private citizen to seek injunctive relief for the purpose of abating certain speci-

fied nuisances. Section 4684, of chapter 104, is typical of such statutes, and reads as follows:

*"Injunction authorized.* The habitual, actual, threatened or contemplated use of any premises, place or building, telegraph or telephone wires or instruments, in violation of any of the prohibitions of this chapter may be enjoined at the suit of either the state or any citizen thereof."

■■ Since the business sought to be enjoined does not violate any of the prohibitions of chapter 104, *supra,* and the complaint does not show where the plaintiff, a private citizen, suffered any special damages or injury by reason of the continuance of the public nuisance operated by defendants, he may not maintain an action for injunctive relief against them. That is a duty pertaining to the attorney general of the state and the other proper public authorities.

For the reason that the action for injunctive relief in the present case was not brought by a person authorized to maintain it, the judgment is reversed with instructions to dissolve the injunction and dismiss the action.

ROSS, C. J., and McALISTER, J., concur.