# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

WILLIAM P. EVERTS, trustee, & others *vs.* THE WINE CELLAR, INC. February 26, 1941. Decree affirmed with costs. The defendant's illuminated sign is not shown to be a nuisance. If it unlawfully projected towards the street beyond a building line established under G. L. (Ter. Ed.) c. 82, § 37, the remedy must be sought by public authorities rather than by neighboring residents or proprietors. *Hagerty* v. *McGovern,* 187 Mass. 479. *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 290, 291. *Mayor of Cambridge* v. *Dean,* 300 Mass. 174.

*W. P. Everts,* for the plaintiffs.
*G. E. Lodgen,* for the defendant.

MILDRED A. RICE *vs.* LILLIAN E. McPHERSON. February 26, 1941. Exceptions overruled. There was evidence that the plaintiff's father, with whom she lived, occupied as a tenant of the defendant one of the tenements in her two-family house; that when the tenancy began in 1930 the common stairway, which was exposed to the weather, from the front porch to the ground, was in good condition; that prior to December 6, 1936, the outermost of three boards composing the tread of one of the steps of that stairway had become loose so that when one stepped on it near the outer edge it would tip down, the nails remaining in that board but not in the support to which it was nailed, as the board moved; that as appeared by photographs the board showed the effects of weathering and wear; and that on that day the plaintiff fell and was hurt when she stepped on that board and it tipped. Upon this evidence the jury could find that the defendant did not use due care to keep the stairway in as good a condition as it was when the tenancy began.

*J. M. Graham,* for the defendant.
*D. Burstein,* for the plaintiff.