**MEMPHIS LIGHT, GAS AND WATER DIVISION et al., Petitioners,**

v.

**H. Kent GOSS, surviving husband of Sandra Gayle Goss, Respondent.**

Supreme Court of Tennessee.

May 7, 1973.

Leo Bearman, Frank B. Gianotti, Memphis, for petitioners.

Don Owens, Memphis, for respondent; Joseph W. Barnwell, Jr., Don Owens, III, Memphis, of counsel.

## OPINION

CHATTIN, Justice.

Respondent brought this suit for the alleged wrongful death of his wife and property damages against Petitioners, Memphis Light, Gas and Water Division and the City of Memphis. The Division is operated by a Board of Commissioners of five individuals. Mrs. Goss was killed when her husband's car, which she was driving on McCorkle Road in Memphis, struck a guy wire and utility pole owned by Memphis Light, Gas and Water Division.

The declaration is in four counts. The first count alleges Memphis Light, Gas and Water Division negligently maintained the pole and guy wire in such close and dangerous proximity to the road as to create a dangerous obstruction to motorists; failure to give warning to the public of a dangerous condition there existing; negligently allowing grass and other undergrowth to accumulate around the guy wire and pole so as to obscure the danger from motorists; and in failing to place a conspicuous guard on the guy wire which was exposed to motorists.

The first count alleges Petitioner, City of Memphis, negligently failed to maintain the road in a safe condition by either widening the road to a close and dangerous proximity of the pole and guy wire; or after having widened the road, permitting Memphis Light, Gas and Water Division to place and maintain the pole and guy wire in such close proximity to the road; and failing to use or require Memphis Light, Gas and Water Division to use reasonable and ordinary care in maintaining the area.

It is then alleged the aforesaid acts of negligence of Petitioners independently or concurrently were the direct and proximate cause of the death of Respondent's wife.

The second count alleges either or both Petitioners by placing the pole and guy wire in such close proximity to the road, or in widening the road resulting in the pole and guy wire being in so close proximity of the road, created a public nuisance which was the direct and proximate cause of the death of Respondent's wife.

The third count alleges Memphis Light, Gas and Water Division violated certain ordinances of the City of Memphis which require all poles and wires to be installed and maintained in accordance with the applicable provisions of the National Safety Code, which requires the ground end of all guy wires to be attached to ground anchors exposed to traffic shall be provided with a conspicuous wood or metal guard not less

than eight feet long; and that said violation was the direct and proximate cause of the death of Mrs. Goss.

The fourth count adopts the allegations of the foregoing three counts and alleges the acts therein alleged were the direct and proximate cause of the damage to Respondent's car.

Petitioners filed special pleas in which they denied they were guilty of any of the acts of negligence charged against them and specifically denied the pole and guy wire were in such close and dangerous proximity of the road as to create an obstruction dangerous to motorists.

There were no eye witnesses to the accident. At the conclusion of all the proof, the trial judge directed a verdict for Petitioners on the ground there was no evidence of actionable negligence on the part of Petitioners. The Court of Appeals reversed and remanded the case for a new trial. We granted certiorari.

Petitioners have assigned as error the action of the Court of Appeals in reversing and remanding the case for a new trial because there was no proof in the record that the acts of Petitioners were the proximate cause of the accident; and further that the Court of Appeals relied on matters which involved conditions and not proximate causation.

In other words, Petitioners insist the record shows their acts only furnished a condition while deceased's actions were the direct cause of her death.

■ We must disagree. We are of the opinion the Court of Appeals correctly held it was for the jury to determine whether the pole and guy wire were so placed by Petitioners as to become a nuisance to motorists on McCorkle Road and whether such was the direct and proximate cause of the death of Mrs. Goss; and that whether Mrs. Goss was guilty of proximate contributory negligence.

McCorkle Road is a blacktop pavement twenty feet in width and runs north and south at the point of the accident. The utility pole involved was forty feet tall and located on the west side of McCorkle Road, the base of the pole being nine inches from the west edge of the pavement. The pole was supported by a guy wire attached near the top of the pole, which extended northerly parallel to McCorkle Road where it was anchored by a steel rod placed several feet in the ground eleven and one-half inches from the west edge of the road.

There were no curbs, gutters, or sidewalks on the west side of McCorkle Road. There was a space from nine to ten feet between the western edge of the pavement of the road and a ditch parallel to the road.

There was evidence pro and con as to whether a guy guard as required by the ordinance was attached to the guy wire.

Respondent's witnesses testified weeds and grass were growing around the base of the guy wire which partially obscured the view of the wire of drivers proceeding southward on McCorkle. Petitioners' witnesses contradicted this testimony by stating that grass and weeds were kept mowed and were low at the time of the accident.

On the morning of May 9, 1970, the deceased, Mrs. Sandra Gayle Goss, age twenty-three, left her home about seven thirty A.M. She was driving her husband's small foreign made sports automobile.

Mrs. Goss was alone and was on her way to a beauty parlor. On the way, she stopped at a service station and obtained gasoline.

She drove southwardly from the service station on McCorkle Road for approximately two blocks when her car left the west edge of the road forty-three feet and eleven inches north of the guy wire. The car ran up the guy wire, hit the post and toppled over into the road, fatally injuring

Mrs. Goss. The guy wire was torn from its moorings.

In the case of Niblett v. Nashville, 59 Tenn. (12 Heisk) 684 (1874), the Court said:

"We think the true rule may be stated to be, that if an obstruction or excavation be permitted which renders the alley, street, or highway, unsafe or dangerous to persons or vehicles,—whether it lies immediately in or on the alley, street, or highway, or so near it as to produce the danger to the passer at any time when he shall properly desire to use such highway—it is such a nuisance as renders the corporation liable." See also Turnpike Co. v. Crockett, 34 Tenn. (2 Sneed) 263 (1854); City of Knoxville v. Baker, 25 Tenn.App. 36, 150 S.W.2d 224 (1941).

"The general principle is that the public are entitled to use the highway in all the usual modes of travel; and whoever obstructs and endangers such use, whether by intention or by negligence, is guilty of a public nuisance and is liable to any individual who suffers special damages therefrom.

"This principle extends to users of the highway 'who stray a few feet from it inadvertently or in an emergency' (Prosser on Torts (2nd Ed.) 492); and any obstruction over, under, or so near the highway as to endanger such users comes within this principle." Friendship Telephone Co. v. Russom, 43 Tenn.App. 441, 309 S.W.2d 416 (1957).

"The general rule established by the modern authorities is that a public utility company lawfully maintaining a pole in or near a public highway is not liable for the damage to a person or property resulting from a vehicle striking such pole, unless it is erected on the traveled portion of the highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone properly using the highway, and the location of

the pole is the proximate cause of the collision." Clayborn v. Electric Power Company, 20 Tenn.App. 574, 101 S.W.2d 492 (1936).

"What constitutes a nuisance is one of law for the court; but it is for the jury to decide whether a particular act or construction or use of property or, which is not a nuisance per se, is a nuisance in fact. The term nuisance, in legal parlance, has a very broad and elastic signification. What is a nuisance must after all be determined upon the facts shown in any particular case." Davidson County v. Blackwell, 19 Tenn.App. 47, 82 S.W.2d 872 (1935).

█ A pole placed in the inside of a ditch but off the traveled surface of the road is not, per se, a nuisance. Turnpike Company v. Crockett, supra.

Clearly under the foregoing rules of law, the question of whether the maintenance of the pole and guy wire at the place and in the manner shown by the evidence constituted an obstruction dangerous to motorists and was the proximate cause of the accident is a jury question.

█ In the absence of any proof as to what caused Mrs. Goss to veer her car onto the west shoulder of the road, the presumption is she was exercising proper care for her own safety but such presumption is no evidence of Petitioners' negligence. Stinson v. Daniel, 220 Tenn. 70, 414 S.W.2d 7 (1967).

However, Petitioners insist since the evidence shows the car left the paved portion of the road forty-three feet and eleven inches north of the guy wire and ran up the wire a distance of seventeen feet and ten inches where it struck the pole is substantial evidence to support an inference the car was traveling at an excessive rate of speed; and that, therefore, the presumption of due care was overcome and vanished as though it never existed. Seahorn v. Karr, 35 Tenn.App. 38, 242 S.W.2d 331 (1951).

The speed limit on McCorkle Road at the time of the accident was thirty-five miles an hour. While it is true the presumption of due care is a rebuttal presumption and one of fact, there is no evidence, expert or otherwise, that a car leaving the road forty-three feet and eleven inches north of the guy would have to be traveling at a speed in excess of thirty-five miles an hour to go up the wire the distance insisted upon by Petitioners.

The question of whether Mrs. Goss was to sole cause of the accident or was guilty of proximate contributory negligence are questions for a jury to determine.

The judgment of the Court of Appeals is affirmed and the cause remanded to the trial court for a new trial. Petitioners will pay the costs of the appeal. The costs below will await the final outcome of the case.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.