IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 20, 2004 Session

## SHIRLEY HALE v. ERWIN OSTROW, ROSE OSTROW, MAX OSTROW

Direct Appeal from the Circuit Court for Shelby County
No. 302252 T.D.     Rita L. Stotts, Judge

_____

No. W2003-01256-COA-R3-CV - Filed July 13, 2004

_____

This is a premises liability and nuisance case that arose when Plaintiff fell on a public sidewalk. Plaintiff's fall occurred on a patch of broken concrete located on the portion of sidewalk abutting Neighbor's property, which is located immediately to the north of the lot owned by Defendants. Plaintiff filed suit alleging that her fall was caused, in part, by overgrown bushes on Defendants' property that obstructed passage on the sidewalk. Defendants moved for summary judgment, arguing that, because the fall took place on broken concrete in front of Neighbor's property, Plaintiff cannot establish duty or causation. The trial court granted Defendants' motion, and, for the following reasons, we affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., joined and HOLLY M. KIRBY, J., dissented.

Stephen R. Leffler, Memphis, TN, for Appellant

Matthew S. Russell, Gary R. Wilkinson, Attorneys for Appellees Erwin Ostrow & Rose Ostrow

Minton P. Mayer, Memphis, TN, for Appellee Max Ostrow

### OPINION

### Facts and Procedural History

The facts of this case are fairly straightforward. On May 27, 1998, Shirley Hale ("Plaintiff") was walking southbound on the sidewalk of Mississippi Boulevard in Memphis, Tennessee. As she came to the portion of the sidewalk that abutted 1063 Mississippi Boulevard, owned by Edwin Brittenum ("Neighbor"), she spotted some overgrown bushes emanating from the next lot ahead of her, located to the south of Neighbor's property. The lot containing the bushes, 1073 Mississippi

Boulevard, was owned at the time by Erwin Ostrow, Rose Ostrow, and Max Ostrow (collectively "Defendants"). Feeling that the bushes effectively blocked her path on the sidewalk, Plaintiff decided to enter the street to circumvent the bushes. Plaintiff then turned her head to check for traffic and, in so doing, lost her balance and fell, breaking her hip. Plaintiff subsequently filed suit on May 10, 1999, seeking damages from Defendants, Neighbor, and the City of Memphis. She premised her action against Defendants on the theories of public nuisance and premises liability.

On December 4, 2000, Max Ostrow moved for summary judgment, followed by Erwin and Rose Ostrow on February 16, 2001. Defendants based their motions on testimony provided by Plaintiff in her deposition of July 30, 1999. Specifically, Defendants focused on Plaintiff's testimony that the fall occurred on the portion of sidewalk in front of Neighbor's property and that Plaintiff fell because she tripped on uneven, broken concrete on the sidewalk. Defendants argued that these facts indicate that they owed no duty as property owners to Plaintiff and, further, that the bushes growing from their property were not the proximate cause of Plaintiff's injury. On April 5, 2001, the trial court granted the Defendants' motions for the reasons stated therein. Plaintiff then timely filed the instant appeal, raising the following issue for our consideration:

> Whether the trial court erred in granting summary judgment to Defendants where Plaintiff's injury was caused by a condition existing on Defendants' property.

**Standard of Review**

In *Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614 (Tenn. 2002), the Tennessee Supreme Court set forth the standard of appellate review for a grant of summary judgment:

> An appellate court reviews a grant of summary judgment de novo with no presumption that the trial court's conclusions were correct. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitlted to judgment as a metter of law. Tenn. R. Civ. P. 56.04; *see also Webber v. State Farm Mut. Auto Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). In reviewing the record, courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Staples v. CBL & Assocs. Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate. *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999).

*Id*. at 620.

**Law and Analysis**

Plaintiff bases her claim against Defendants on the theories of premises liability and public nuisance. To succeed on either cause of action, Plaintiff must be able to establish the element of causation. A premises liability claim is analyzed under common law principles of negligence. *See Ruth v. Ruth*, 372 S.W.2d 285, 287 (Tenn. 1963). Accordingly, to establish a prima facie claim, Plaintiff must prove "1. [a] duty of care owed by the defendant to the plaintiff [,] 2. [a] failure on the part of the defendant to perform that duty [, and] 3. an injury to the plaintiff *resulting proximately* from the defendant's breach of that duty of care." *Id.* (citing *Mullen v. Russworm*, 90 S.W.2d 530 (Tenn. 1935); *De Glopper v. Nashville Ry. & Light Co.*, 134 S.W. 609 (Tenn. 1910); *Nichols v. Smith*, 111 S.W.2d 911 (Tenn. Ct. App. 1937)) (emphasis added).

A public nuisance claim also requires proof of causation. Liability for public nuisance "is based on interference with the public's use and enjoyment of a public place or with other common rights of the public." *Metro. Gov't of Nashville & Davidson County v. Counts*, 541 S.W.2d 133, 138 (Tenn. 1976). However, it is fundamental that an individual cannot maintain an action based on public nuisance unless that individual has sustained some special injury as a result of the nuisance. 66 C.J.S. *Nuisances* § 65 (1998) (citing *Scruggs v. Beason*, 20 So.2d 774 (Ala. 1945); *Engle v. Clark*, 90 P.2d 994 (Ariz. 1939); *Akau v. Olohana Corp.*, 652 P.2d 1130 (Haw. 1982); *Irving-Austin Bldg. Corp. v. Village Homebuilders*, 37 N.E.2d 927 (Ill. Ct. App. 1941); *Blair v. Anderson*, 570 N.E.2d 1337 (Ind. Ct. App. 1991); *Farmers Co-op. Ass'n v. Quaker Oats Co.*, 7 N.W.2d 906 (Iowa 1943); *Everts v. The Wine Cellar, Inc.*, 32 N.E.2d 244 (Mass. 1941); *Morse v. Liquor Control Comm'n*, 29 N.W.2d 316 (Mich. 1947); *New v. S. Daviess County Drainage Dist. of Daviess County*, 220 S.W.2d 79 (Mo. Ct. App. 1949); *Hark v. Mountain Fork Lumber Co.*, 34 S.E.2d 348 (W. Va. 1945)). It is, likewise, well-accepted that a plaintiff must demonstrate that the nuisance was the proximate cause of this special injury. *See Memphis Light, Gas & Water Div. v. Goss*, 494 S.W.2d 766 (Tenn. 1973); *see also City of Philadelphia v. Beretta U.S.A. Corp.*, 227 F.3d 415 (3rd Cir. 2002); *County of Westchester v. Town of Greenwich*, 76 F.3d 42 (2nd Cir. 1996); *Assoc. of Washington Pub. Hosp. Dists. v. Phillip Morris, Inc.*, 79 F.Supp. 2d 1219 (E.D. Wash. 1999); *Pestey v. Cushman*, 788 A.2d 496 (Conn. 2002).

In the present case, the trial court relied, in part, on Plaintiff's inability to prove proximate cause when it granted summary judgment to Defendants. In determining whether proximate cause exists, courts of this state employ a three-pronged test:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

*Haynes v. Hamilton County*, 883 S.W.2d 606, 611-12 (Tenn. 1994). After reviewing the record in light of this test, we agree with the lower court's determination. In her deposition, Plaintiff admitted

that the cause of her fall was an uneven section of sidewalk in front of Neighbor's property that was "all crumbled up" and that she broke her hip on a slab of concrete resting against the curb in front of Neighbor's house. At no point did she actually encounter the bushes blocking the sidewalk, nor had she even stepped into the street to avoid the bushes. Considering this testimony, we find that the bushes emanating from Defendants' property are not the proximate cause of Plaintiff's injury because they do not constitute a "substantial factor" in causing Plaintiff's injury. Accordingly, we affirm the trial court's grant of summary judgment to Defendants.

## Conclusion

For the foregoing reasons, we affirm the ruling of the trial court. Costs of this appeal are taxed to the Appellant, Shirley Hale, and her surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE