STATE DEPARTMENT OF HIGHWAYS AND PUBLIC WORKS v. ROSEBOROUGH et al.—68 S. W. (2d) 132.

Middle Section. September 16, 1933.

Petition for Certiorari denied by Supreme Court, February 24, 1934.

404

Roy H. Beeler, Attorney-General, Jno. L. Neely, Assistant Attorney-General, and W. C. Cook, of Dickson (O. L. Peeler, of Camden, of counsel), for plaintiff in error.

J. D. Murphree, of Shelbyville, for defendants in error.

FAW, P. J. On November 5, 1930, a petition was filed in the circuit court of Bedford county against W. M. Roseborough and Nettie Roseborough for the purpose of appropriating certain lands belonging to the defendants for a right of way for a state highway known as No. 64.

In its caption, the petition purports to have been filed by "The County of Bedford and the State of Tennessee, and R. H. Baker, Commissioner of Highways and Public Works for the State of Tennessee." In its body, the petition contains, among others, averments as follows:

"Under the law and contracts which have been entered into by the County of Bedford and the Highway Department of the State of Tennessee, it is incumbent upon the County of Bedford to furnish the rights of way over which this road known as project No. 64 should be constructed, and though they have secured a large number of citizens owning property abutting upon said road to agree that said road should be built over their premises, they have so far been unable to secure the right to enter the premises of these defendants, which premises are hereinafter described in this petition, for the purpose of constructing said road. On account of this delay, the Commissioner of Highways and Public Works has been requested to join in this bill for the purpose of securing said right of way and the exercise of the rights of eminent domain together with the benefit of all legislation in such cases made and provided."

The petition was not filed by the State Attorney-General and/or the District Attorney-General, as attorneys for the state and commissioner of highways and public works for the state, as provided by the Public Acts of 1917, chapter 74, section 5, but was signed by two reputable and eminent lawyers of the Bedford County Bar, who, it later developed, represented Bedford county alone, and signed the petition as "Solicitors for complainants" in the belief that it was customary and proper to join the state and the commissioner of highways and public works with the county in such petitions for the appropriation of lands for a state highway.

The defendants, W. M. Roseborough and Nettie Roseborough, answered the petition on September 16, 1931, and admitted the right of the plaintiffs to take and appropriate their lands for highway purposes but averred that "the lands of theirs actually appropriated by the plaintiffs is in amount greater than that described in the petition." Defendants averred in their answer that "they are entitled to be justly compensated by actual and incidental damages," and they demanded the appointment of a jury of view to fix and assess the damages.

On September 30, 1931, the circuit court appointed a jury of view to assess the damages to defendants, as owners of the lands appropriated by the petitioners, with directions that the jury of view file a report in writing with the clerk of the circuit court of Bedford county on or before the first Tuesday after the first Monday in December, 1931.

The jury of view filed a written report on November 24, 1931, fixing the amount of the defendants' damages at $450, from which report and findings of the jury of view the defendants appealed to the next term of the circuit court of Bedford county, which appeal was granted and perfected.

No further steps were taken in the cause until September 20, 1932, when Bedford county filed an "amended and supplemental petition" in which it recited the filing and contents of the original petition of November 5, 1930, and the subsequent proceedings in the cause as hereinbefore briefly stated.

Following the recitals above indicated, said amended and supplemental petition of Bedford county proceeds and concludes as follows:

"Your petitioner further shows unto the Court, that on July 1, 1931, the Legislature of the State of Tennessee enacted a law, being Chapter 57 of the Acts of 1931, making the State of Tennessee liable for all rights of way and damage and costs incident to the acquisition and use of same, whether by condemnation suit, or otherwise, as provided by law, necessary to the construction of any highway, or parts thereof, designated and adopted by said Highway Department as and for a State and Federal Highway in the State system of Highways, and further provides, 'That no County or Counties affected by

such Highways shall be liable therefor, unless and until such County or Counties shall have first entered into an agreement or agreements with the said Highway Department to cooperate therein, and then only to the extent of such agreement, or agreements.' The Act further provides, 'That no County shall be deemed to have entered into an agreement to cooperate with said Highway Department upon any State or State and Federal Aid Highway Project, unless it be thereunto first authorized by resolution of the Quarterly County Court, regularly adopted, upon and after the submission to that body, by said Department of a proposal thereto, in proper form, setting forth in detail the proposed improvements, with location and routing, the landowners, and their respective properties in areas, and improvements affected thereby, and, if required, the approximate damage and cost thereof.'

"The Act further provides, 'That it shall apply to all rights of way for incidental damages and costs heretofore designated, adopted and taken over, or sought to be taken over by the said Department, as and for a part, or parts of any of the Highways therein referred to, whether such projects have been completed, or are now under construction, or yet to be constructed, or whether such rights of way are now involved in litigation in any of the Courts of the State, or are merely in dispute, as between said Department and the County or Counties affected upon the question of their respective liabilities therefor.'

"No contract, as provided in said Act, has ever been entered into between Bedford County and the State Highway Department, and no resolution has ever been adopted by the Quarterly County Court of Bedford County, in either regular or extra session, with respect to such a contract. In fact, no contract has ever been entered into by and between Bedford County and the State of Tennessee, with respect to rights of way for State Highway purposes. It is true that the State Highway Department and the Counties have been cooperating in acquiring rights of way for State Highways, and in condemnation proceedings. Whenever the State Highway Department adopted a certain road as a part of its highway system, it has notified the County Judge of Bedford County of this fact, and asked the County to furnish the right of way, and wherever condemnation was necessary, the Commissioner of Highways and Public Works has been made a party, plaintiff, with Bedford County, and the County understood and understands now, that prior to the passage of the Act above referred to, it was incumbent upon the County to pay the damages for rights of way, and, under the law, in order to avoid delay in the construction of the said highways, it was necessary that the Highway Department be made a party to the litigation, and this has been universally done with the approval of the Highway Department.

"Under the Act above referred to, your petitioner insists, shifts this burden to the State, and the State is now liable for the damages suffered by the defendants in this cause, by reason of the taking of his land for highway purposes.

"Counsel for your petitioner, in open Court, notified counsel representing the Commissioner of Highways, being the same Counsel that represents the State of Tennessee, that inasmuch as there was now a conflict between the rights of Bedford County and the other plaintiff, R. H. Baker, Commissioner, etc., that the same Counsel for Bedford County would ask to be excused from representing the Highway Commissioner, and would file a petition in this cause, seeking to hold the State of Tennessee, or R. H. Baker, Commissioner of Highways and Public Works, liable for the damage sustained in this cause by the defendant.

"Premises considered, your petitioner prays:

"1st. That it be permitted to file this amended and supplemental petition in this cause; and that proper process and copy of such petition be served upon the defendants, and also upon R. H. Baker, Commissioner of Highways and Public Works for the State of Tennessee, and also, the State of Tennessee, and that they be made parties, defendants, to this supplemental and amended petition, to the end, that the rights and interests of all the parties may be fixed and settled;

"2nd. That, by proper order, your petitioner be relieved from the payment of damages in this cause, and that the State of Tennessee, or the Highway Department of the State of Tennessee be ordered and required to pay and satisfy any judgment that may be obtained in this cause.

"3rd. Your petitioner prays for such other, further, and general relief as the facts in the case may warrant the Court in granting."

The amended and supplemental petition of Bedford county is signed by the same counsel who signed the original petition of November 5, 1930.

At the December term of the circuit court of Bedford county, R. H. Baker, commissioner of the department of highways and public works, presented to the court a motion as follows:

"Comes R. H. Baker, Commissioner of the Department of Highways and Public Works of the State of Tennessee, and moves the Court to strike his name as a petitioner to the petition filed in this case upon the following grounds:

"While it is true that he was the Commissioner of the Department of Highways and Public Works of the State of Tennessee at the time the petition in this case was filed and that he is the present Commissioner, he further states to the Court that the use of his name as one of the petitioners in this case was unauthorized and that he has never agreed nor consented thereto.

"Therefore, he prays that his name be stricken as one of the petitioners in this case.

"R. H. Baker."

The above-quoted motion was in writing and was verified by the affidavit of R. H. Baker, commissioner, etc., that the use of his name (in the petition and proceedings theretofore had in the cause as commissioner of the department of highways and public works) was unauthorized, and that he at no time consented that his name be used as one of the petitioners in said case.

The aforesaid motion of R. H. Baker, commissioner, etc., was overruled by the court, and thereupon the state department of highways and public works filed a demurrer to the amended and supplemental petition of Bedford county on four grounds, as follows:

1. "Because the allegations of said amended and supplemental bill filed in this case are wholly inconsistent, contradictory and repugnant to the allegations of the original petition heretofore filed in this case."

2. "Because the amended and supplemental petition shows on its face that this is a suit brought with a view of reaching the State, its treasury, funds and property, and, under the law, no Court in the State has any power, jurisdiction or authority to entertain such a suit against either the State of Tennessee or against any officer of the State acting by authority of the State.

3. "Because Chapter 57 of the Public Acts of 1931 does not apply to such a case as is made out by the petition and amended and supplemental petition filed in this case."

4. "Because there is no equity on the face of the amended and supplemental petition filed in this case."

The court overruled the demurrer, with leave to the demurrant to rely upon the grounds of said demurrer upon the hearing of the cause.

R. H. Baker, commissioner, etc., filed an answer to the amended and supplemental petition of Bedford county, which answer (omitting the formal opening and concluding paragraphs) is as follows:

"1. He admits that on November 5, 1930, a condemnation petition was filed in this Honorable Court seeking to acquire a right of way for a highway through the lands of the defendants, W. M. Roseborough and Nettie Roseborough, but states that he as Commissioner of the Department of Highways and Public Works did not authorize the bringing of said suit in his name nor in the name of the Department of Highways and Public Works of the State of Tennessee.

"2. He admits that said defendants filed an answer in said case admitting the right of petitioner to condemn said lands, and he admits that a jury of view was appointed to assess the damages done by the taking of said strip of land described in the original petition and that said jury of view reported the sum of $450 as the value of said land taken together with all incidental damages and that said

defendants, W. M. Roseborough and Nettie Roseborough, appealed from said report of the jury of view.

"3. He admits that the Legislature of the State of Tennessee, on July 1, 1931, enacted a law, being Chapter 57 of the Public Acts of 1931, but he denies that said Act makes the State of Tennessee, or the Department of Highways and Public Works liable for the right of way sought to be condemned by the original petition in this case, or that said Act waives the sovereignty of the State of Tennessee so that suit could be maintained against it.

"4. He denies that said Act shifts the burden for payment of said right of way to the State, or to the Dept. of Highways and Public Works, and that the State is now liable for the damages suffered by the defendants, W. M. Roseborough and Nettie Roseborough, by reason of the taking of their lands for highway purposes, said lands being within the corporate limits of the Town of Shelbyville.

"5. He admits that Counsel representing the petitioner, Bedford County, in open Court notified Counsel representing the State of Tennessee that Counsel for Bedford County would ask to be excused from representing the Department of Highways and Public Works, and would file a petition in this case seeking to make the Department of Highways and Public Works liable for the damages sustained by the taking of said rights of way.

"6. All allegations not heretofore admitted or denied are here and now generally denied and denied as fully as if specifically denied."

The aforementioned pleadings on behalf of R. H. Baker, commissioner of the department of highways and public works, were signed by Roy H. Beeler, Attorney-General, and Jno. L. Neely, Assistant Attorney-General.

The case was tried to a jury, and the jury reported that the actual cash market value of the defendants' land "taken" was $218, and the incidental damage to the balance of defendants' land was $400.

The record recites that, upon the verdict aforesaid, the court rendered judgment as follows:

"1. That the defendants, W. M. Roseborough and Miss Nettie Roseborough, are not entitled to recover judgment in this cause against Bedford County, and as to said Bedford County, their claim for damage is dismissed;

"2. That the defendants, W. M. Roseborough and Miss Nettie Roseborough, are entitled to recover against the State Department of Highways and Public Works.

"It is, therefore, considered that the said defendants, W. M. Roseborough and Miss Nettie Roseborough, recover of the State Department of Highways and Public Works, to be paid as other highway expenses are paid, the sum of Six Hundred & Eighteen ($618.00) Dollars, principal, together with the sum of $43.96, interest from the date of the taking of the property in question, to-wit, the 30th day

of September, 1931, aggregating the total sum of $661.96, and the costs of this proceeding."

A motion for a new trial and a motion in arrest of judgment on behalf of the state department of highways and public works, were overruled, and the state department of highways and public works excepted and prayed an appeal in the nature of a writ of error to this court, and was allowed thirty days in which to prepare and file a bill of exceptions; but there is no bill of exceptions in the record.

█ All of the questions presented by the assignments of error in this court were called to the attention of the trial court by the motion for a new trial or the motion in arrest of judgment below, with one exception, viz., in one of the assignments of error here, the plaintiff in error complains of the action of the trial court "in dismissing the suit as to Bedford County." There was no complaint on that ground in either of the motions below. This question is, therefore, not available to the plaintiff in error. See Rules, Appendix to 155 Tenn., pp. V and XIII; McCommon v. State, 130 Tenn., 1, 18, 168 S. W., 581; Memphis St. R. Co. v. Johnson, 114 Tenn., 632, 640, 88 S. W., 169.

In this connection, it may be said that the question of the liability or nonliability of Bedford county is not before us, as the Roseboroughs did not except to the judgment of the circuit court and did not appeal therefrom.

Through assignments of error, the plaintiff in error complains of the action of the circuit court: (1) In overruling the motion to strike the name of the commissioner of highways and public works from the proceedings as a petitioner; (2) in overruling the demurrer filed by plaintiff in error to the amended and supplemental petition of Bedford county; and (3) in rendering judgment against the department of highways and public works of the state of Tennessee.

In the disposition of the foregoing assignments of error it is necessary to bear in mind certain rules of law which will now be stated.

█ "It is well settled that a State cannot be sued in its own courts, or in any other, unless it has expressly consented to such suit, except in the limited class of cases in which a State may be made a party in the Supreme Court of the United States, by virtue of the original jurisdiction conferred on such Court by the constitution." 25 R. C. L., pp. 412, 413.

"The last clause of article 1, section 17, of the Constitution provides that suits may be brought against the state in such manner and in such courts as the Legislature may by law direct. This provision carries the positive implication that suits shall not be brought otherwise, or at all, unless the authority be affirmatively given by statute." Quinton v. Board of Claims, 165 Tenn., 201, 215, 54 S. W. (2d), 953, 957.

And it is provided by statute (Acts of 1873, chap. 13, Shannon's Code, sec. 4507, Code of 1932, sec. 8634) that: "No court in the state [of Tennessee] shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state."

It has accordingly been held by our Supreme Court that a suit cannot be maintained against the state or its department of highways and public works to recover damages for land taken for the construction of a state highway, notwithstanding the provisions of chapter 57 of the Public Acts of 1931. Phillips v. Marion County, 166 Tenn., 83, 59 S. W. (2d), 507.

However, a judgment may be properly rendered against the state in an action instituted by the state, through its commissioner of highways and public works, seeking the condemnation of lands for highway purposes, although no execution can issue from such judgment against the state or its property. It is the duty of the commissioner of highways and public works to pay such judgment out of any moneys under his control, available for the construction of a highway, and his compliance with that duty may be enforced by mandamus. The possible absence of funds for the satisfaction of the judgment does not interfere with the jurisdiction of the circuit court to render it. Pub. Acts 1917, chap. 74, sec. 5, and acts amendatory thereof; Baker v. Donegan, 164 Tenn., 625, 629, 47 S. W. (2d), 1095, 52 S. W. (2d), 152.

As between the county and the landowner, the county is not relieved of liability for land taken for highway purposes prior to the Act of 1931, chapter 57, although, under that act, the liability of the state to compensate the landowner is the primary obligation. Baker v. Rose, 165 Tenn., 543, 549, 56 S. W. (2d), 732; Baker v. Carson, 165 Tenn., 551, 56 S. W. (2d), 734; Brown Heirs v. Cannon County, 165 Tenn., 554, 557, 56 S. W. (2d), 735.

In view of the foregoing rules, we think that the determinative question for decision in the instant case is whether or not the action which resulted in the judgment appealed from was instituted or prosecuted by the commissioner of highways and public works for the state of Tennessee.

Although the state and its commissioner of highways and public works is named in the caption of the original petition as one of the "plaintiffs," it is stated in the petition that "it is incumbent upon the County of Bedford to furnish the rights of way over which this road known as Project No. 64 should be constructed," and that "the Commissioner of Highways and Public Works has been requested to join in this bill for the purpose of securing said right of

way and the exercise of the right of eminent domain, together with the benefit of all legislation in such cases made and provided;" but there is no averment in the petition that the commissioner of highways and public works at any time agreed to join in the petition.

The petition was not signed or filed by the State Attorney-General or District Attorney-General (Pub. Acts 1917, chap. 74, sec. 5), but was signed and filed by counsel for Bedford county, who in good faith believed that, as counsel for Bedford county, they were, in law, authorized to use the name of the state and its commissioner of highways and public works as a copetitioner, but who were in fact and in law without authority to file such petition on behalf of the state or its commissioner of highways and public works.

Upon the discovery of the situation just described, Bedford county filed the aforesaid amended and supplemental petition, praying that the state of Tennessee and R. H. Baker, commissioner of highways and public works for the state of Tennessee, be brought before the court by proper process and be required to pay and satisfy any judgment that should be obtained in the cause. This was an adversary proceeding against the state and an officer of the state acting by authority of the state, with a view to reach the treasury of the state and its funds and property; and the demurrer on that ground should have been sustained.

We are also of the opinion, for reasons before stated, that the motion of the commissioner of highways and public works to strike his name from the proceedings as a petitioner should have been sustained.

As before indicated, the failure of the defendants, the Roseboroughs, to appeal from that part of the judgment of the circuit court discharging Bedford county from liability would seem, in the present state of the case, to defeat a possibly meritorious claim for compensation; but the defendants may not yet be without remedy, as the time for a writ of error has not expired. However, we make no adjudication with respect to questions which might arise upon an application for a writ of error, as such questions are not now before us.

It results that the assignments of error (except in so far as they complain of the dismissal of the suit as to Bedford county) are sustained and the judgment of the circuit court against the state department of highways and public works is reversed and set aside. Judgment will also be entered striking the name of the state of Tennessee and the commissioner of highways and public works for the state of Tennessee, as a petitioner, from the original petition and the proceedings below, and dismissing the suit against the state of Tennessee and its commissioner of highways and public works.

The costs of the appeal will be adjudged against the defendants in error, W. M. Roseborough and Nettie Roseborough.

Crownover and DeWitt, JJ., concur.