IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 18, 2004

## AUTHOR R. TURNER v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 20301154      Nancy C. Miller-Herron, Commissioner**

_____

**No. W2003-02889-COA-R3-CV - Filed May 27, 2004**

_____

This case involves a claim for negligence brought by Appellant, an inmate in the custody of the Tennessee Department of Correction. Appellant filed a claim with the Tennessee Division of Claims Administration, which was subsequently transferred to the Tennessee Claims Commission. The Commission determined the claim was time barred, and Appellant appealed this decision to this Court. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Tennessee Claims Commission Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Author R. Turner, Henning, TN, *pro se*

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, Michael B. Schwegler, Nashville, TN, for Appellee

**OPINION**

**Facts and Procedural History**

Author R. Turner ("Appellant") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") and is incarcerated at the West Tennessee State Penitentiary. Appellant suffers from migraine headaches and, as part of his medical treatment, he takes daily dosages of Elavil and Midrin. On August 18, 2001, Appellant began to have convulsions at two o'clock in the morning, which Appellant later claimed to be the result of state employee negligence. As a result, he was taken to the Baptist Memorial Hospital in Nashville, Tennessee, for observation and was released on August 19, 2001.

Appellant alleges that he filed a complaint on March 7, 2002, in the Chancery Court for Lauderdale County, but no such complaint appears in the record.[1]  On February 25, 2003, Appellant then filed a claim against the State of Tennessee ("Appellee") with the Tennessee Division of Claims Administration, alleging injuries as a result of state officials' actions.  An order dated May 29, 2003, transferred Appellant's claim from the Division of Claims Administration to the Tennessee Claims Commission ("TCC") pursuant to Tenn. Code Ann. § 9-8-402(c).  On September 9, 2003, the Appellee filed a motion to dismiss, alleging that the Appellant's claim was time barred.  After finding that Appellant had filed a complaint in the Lauderdale County Chancery Court, the Commissioner for the TCC dismissed Appellant's claim and stated that "[s]ince there was no agreement [for the transfer] by the Attorney General, the Claimant cannot rely upon the filing of the complaint in Lauderdale County to toll the running of the statute of limitations."  Appellant, acting *pro se*, filed an appeal with this Court and presents the following issue, as we perceive it, for review: whether the TCC erred when it held that Appellant's claim was barred by the one-year statute of limitations for lack of an agreement with the Tennessee Attorney General to transfer the claim.  For the following reasons, we reverse the decision of the TCC and remand for further proceedings consistent with this opinion.

## Standard of Review

Pursuant to Tenn. Code Ann. § 9-8-403(a)(1) (2003), our review of a civil action in the TCC is governed by the Tennessee Rules of Appellate Procedure.  Therefore, on appeal, we review this case *de novo* upon the record with a presumption of correctness afforded to the findings of fact by the Commissioner.  Tenn. R. App. P. 13(d); *Ardis Mobile Home Park v. State*, No. 03A01-9505-BC-00157, 1995 Tenn. App. LEXIS 790, at *3 (Tenn. Ct. App. Dec. 6, 1995).  Unless the evidence preponderates against such findings, we must affirm, absent an error of law.  Tenn. R. App. P. 13(d); *Ardis Mobile Home Park*, 1995 Tenn. App. LEXIS 790, at *4. (citing *Sanders v. State*, 783 S.W.2d 948 (Tenn. Ct. App. 1989)).  Conclusions of law, reviewed *de novo*, are afforded no such presumption of correctness.  *Ardis Mobile Home Park*, 1995 Tenn. App. LEXIS 790, at *4 (citing *Adams v. Dean Roofing Co.*, 715 S.W.2d 341, 343 (Tenn. Ct. App. 1986)).

## Statute of Limitations

Appellant argues that, though the Chancery Court of Lauderdale County was the wrong court to file his claim, the one-year statute of limitations was tolled when he filed his complaint in that court and the complaint should have been transferred to the Division of Claims Administration.  When we consider claims of individuals against the State of Tennessee, we are mindful that governmental immunity does not originate in common law but rather has its roots in the constitution and statutes of this state.  *Brown v. State*, No. M2002-01361-COA-R3-CV, 2003 Tenn. App. LEXIS 329, at *6 (Tenn. Ct. App. May 2, 2003) (citing *Brown v. State*, 783 S.W.2d 567 (Tenn. Ct. App. 1989); *Sweeney v. State Dep't of Trans.*, 744 S.W.2d 905 (Tenn. Ct. App. 1987); *Austin v. City of*

---

[1]  As noted later, the TCC found that Appellant did file a complaint in the Lauderdale County Chancery Court.

*Memphis*, 684 S.W.2d 624 (Tenn. Ct. App. 1984); *Jones v. L & N R.R. Co.*, 617 S.W.2d 164 (Tenn. Ct. App. 1981)).  It necessarily follows that statutes permitting suits against the state, cities, or counties must be strictly construed.  *Id.* at *6-7 (citing *Beare Co. v. Olson*, 711 S.W.2d 603 (Tenn. 1986); *Griffith Motors, Inc. v. King*, 641 S.W.2d 200 (Tenn. 1982); *Stokes v. Univ. of Tenn.*, 737 S.W.2d 545 (Tenn. Ct. App. 1987); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981)).

Appellant argues that his action of filing a complaint in the Chancery Court for Lauderdale County tolled the running of the statute of limitations, presumably pursuant to Tenn. Code Ann. § 9-8-307(i), for personal injury actions.  In particular, Tenn. Code Ann. § 28-3-104 provides that actions for injuries to the person must be commenced within one year of the accrual of the cause of action. Tenn. Code Ann. § 28-3-104(a)(1) (2000).  Further, Tenn. Code Ann. § 9-8-307(i) provides for the transfer of cases to the Division of Claims Administration when they are filed in the wrong court. Tenn. Code Ann. § 9-8-307(i) (1999).  The trial court found that Appellant's claim was barred by the statute of limitations because his claim was not transferred pursuant to the procedures stated in Tenn. Code Ann. § 9-8-307(i)(1).  In particular, the Commissioner found that, because there was no agreement with the Attorney General to transfer the claim from the Lauderdale County Chancery Court to the Division of Claims Administration, the filing of the complaint in the Chancery Court did not toll the statute of limitations.  However, such statute no longer requires an agreement with the Attorney General before a transfer.  Therefore, we hold the Claims Commission erred when it dismissed Appellant's claim on this basis.  For this reason, we must reverse the Claims Commission and remand for further proceedings consistent with this opinion.

## Conclusion

For the reasons stated above, we reverse the decision of the Claims Commission.  Costs of this appeal are taxed to the Appellee, the State of Tennessee, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE