# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 13, 2005 Session

## SHERRYE HAMPTON-CROSS, ET AL. v. STATE OF TENNESSEE, ET AL.

**Appeal from the Tennessee Claims Commission**
No. 20400922     Stephanie R. Reevers, Commissioner

---

### No. M2004-01672-COA-R3-CV - Filed October 20, 2005

---

This appeal involves the jurisdiction of the Tennessee Claims Commission.  Student of the University of Memphis was struck by two vehicles while crossing the street from the University-owned parking lot to the University campus.  Student and husband filed suit in the Claims Commission against the University and the State, claiming that Defendants negligently created or maintained dangerous conditions on state controlled real property.  The State filed a motion to dismiss, arguing a lack of subject matter jurisdiction and failure to state a claim.  The Claims Commission granted the motion.  We affirm the judgment of the Claims Commission in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Louis P. Chiozza, Jr., John W. Leach, Memphis, Tennessee, for the appellants Sherrye Hampton-Cross and Jonathan Cross.

Paul G. Summers, Attorney General and Report; Michael E. Moore, Solicitor General; Tiffany Baker Cox, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 25, 2002, Sherrye Hampton-Cross was walking southbound across Central Avenue in Memphis, Tennessee, from a University-owned student parking lot, in order to reach the University of Memphis campus, where she attended school.  While crossing Central Avenue, Mrs. Hampton-Cross was struck by a vehicle operated by Sohil Shah, which was traveling westbound, thereby knocking her into the path of Christina Stevens' vehicle traveling eastbound.  Mrs. Hampton-Cross suffered serious injuries as a result.

On November 25, 2003, Mrs. Hampton-Cross and her husband, Mr. Cross, filed a Complaint in the Claims Commission for the State of Tennessee, Western Division, naming as Defendants, the

State of Tennessee and the University of Memphis. Claimants alleged that Defendants negligently failed to provide adequate protection for students crossing Central Avenue to reach the University of Memphis campus. Claimants also filed a Complaint against other Defendants and a Cross-Complaint against the University of Memphis in Shelby County Circuit Court on November 25, 2003.

On March 5, 2004, Claimants took a voluntary non-suit without prejudice as to the University of Memphis in the Shelby County Circuit Court case. On March 29, 2004, the State of Tennessee filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment with a supporting affidavit and Memorandum. The State claimed that the Tennessee Claims Commission lacked subject matter jurisdiction because Tennessee Code Annotated section 9-8-307(a)(1) did not confer jurisdiction in the Claims Commission for claims of the type alleged in Claimants' Complaint. The State specifically argued that Claimants failed to establish that the accident in question took place on state controlled real property or on a state maintained highway or road as required by the statute. Claimants failed to respond to the State's motion, and on June 3, 2004, the Claims Commission granted the motion, finding that it did not have subject matter jurisdiction over Claimants' claim because Claimants alleged that they were injured by a condition on a road adjacent to, but not on, the University of Memphis' premises.

On July 6, 2004, Claimants filed a Motion to Alter or Amend the Judgment or in the Alternative to Set Aside the Order of Dismissal, claiming that they were unaware that the State's Motion to Dismiss applied to the State of Tennessee as well as to the University of Memphis, which they contend they named separately. Claimants also filed a Notice of Appeal with the Tennessee Claims Commission on the same day. The State filed its Response on July 14, 2004, reiterating that the State of Tennessee was the only Defendant in the matter as the University of Memphis is a state institution and thus entitled to sovereign immunity. On September 22, 2004, the Claims Commission declined to alter or amend its judgment and dismissed Claimants' claims against the State of Tennessee, finding that the only defendant to an action before the Claims Commission is the State of Tennessee. Claimants filed a timely appeal.

Appellants raise three issues on appeal. Appellants contend that the Claims Commission erred in (1) granting the State's Motion to Dismiss, finding no subject matter jurisdiction; (2) denying Claimants' Motion to Set Aside the Order of Dismissal to allow discovery to be taken by Claimants; and, (3) denying Claimants' Motion to Alter or Amend the Judgment.

Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Willis v. Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn.2003); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999). The standard of appellate review of a dismissal under Rule 12.02(6) requires that we take the factual allegations in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions. *Willis*, 113 S.W.3d at 710. The trial court should grant a motion to dismiss only "when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Willis*, 113 S.W.3d at 710.

The Tennessee Constitution permits law suits against the State only "in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. The Tennessee General Assembly has also provided that no court in the State shall have any power, jurisdiction, or authority to entertain any suit against the State and all such suits shall be dismissed on proper motion. Tenn. Code Ann. § 20-13-102(a). Thus, the rule of sovereign immunity in Tennessee is both constitutional and statutory and it is not within the power of the courts to amend it. *Jones v. L&N R.R. Co.*, 617 S.W.2d 164, 170 (Tenn.Ct.App.1981).

However, the General Assembly has authorized the bringing of certain actions for money damages against the State. Tenn. Code Ann., Section 9-8-301. Pursuant to this, the Tennessee General Assembly created the Tennessee Claims Commission, which has exclusive jurisdiction to hear "monetary claims against the state based on the acts or omissions of 'state employees.'" Tenn. Code Ann., Sections 9-8-301, 9-8-307(a)(1).

The Claims Commission's jurisdiction is limited to those claims outlined in Section 9-8-307(a)(1) of Tennessee Code Annotated. *Stewart v. State,* 33 S.W.3d 785, 790 (Tenn.2000). While statutes permitting suits against the State have historically been strictly construed, the Tennessee General Assembly has expressed an intent that the jurisdictional provisions of the Claims Commission Act "be liberally construed to implement the remedial purposes of" the statute. Tenn. Code Ann. § 9-8-307(a)(3); *Stewart,* 33 S.W.3d at 791. Although Claimants do not indicate in their Complaint reliance on a specific jurisdictional provision, the only plausible bases for their claim that the State failed to provide adequate protection for students crossing Central Avenue to reach the University of Memphis campus are Tennessee Code Annotated, Sections 9-8-307(a)(1)(C),(I), and (J), which provide:

> **9-8-307. Jurisdiction--Claims--Waiver of actions--Standard for tort liability--Damages--Immunities--Definitions--Transfer of claims.**--(a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees" ... falling within one (1) or more of the following categories:
>
> ....
>
> (C) Negligently created or maintained dangerous conditions on state controlled real property. The claimant under this subsection must establish the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures;
>
> ...
>
> (I) Negligence in planning and programming for, inspection of, design of, preparation of plans for, approval of plans for, and construction of, public roads, streets, highways, or bridges and similar structures, and negligence in maintenance of

highways, and bridges and similar structures, designated by the department of transportation as being on the state system of highways or the state system of interstate highways;

(J) Dangerous conditions on state maintained highways. The claimant under this subdivision (a)(1)(J) must establish the foreseeability of the risk and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures;

Tenn. Code Ann. §§ 9-8-307(a)(1)(C),(I),(J).

In interpreting statutes that abrogate the State's sovereign immunity, the Tennessee Supreme Court has held that the legislature should "provide for the state's consent in 'plain, clear and unmistakable' terms." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 731 (Tenn.2000). Tennessee courts have also held that the Claims Commission Act should be liberally construed, "but only so long as (1) the particular grant of jurisdiction is ambiguous and admits of several constructions, and (2) the most favorable view in support of the petitioner's claims is not clearly contrary to the statutory language used by the General Assembly." *Stewart*, 33 S.W.3d at 791. If the statutory language in question is unambiguous, then its plain meaning should be applied. *Conley v. State*, 141 S.W.3d 591, 595 (Tenn.2004).

It is clear that neither Tennessee Code Annotated sections 9-8-307(a)(1)(I) nor (J) confer jurisdiction in the Claims Commission. First, Tennessee Code Annotated section 9-8-307(a)(1)(I), requires that the negligence complained of pertain to structures or roadways designated by the department of transportation as being on the state system of highways or the state system of interstate highways. According to the uncontested affidavit of Rusty Staggs, Transportation and Planning Specialist with the Tennessee Department of Transportation, "Central Avenue in Shelby County is not designated by the department of transportation as being on the state system of highways or the state system of interstate highways." Second, Tennessee Code Annotated section 9-8-307(a)(1)(J) requires that the negligence complained of pertain to dangerous conditions on state maintained highways. Mr. Staggs stated further in his affidavit that, "[t]he State does not have any maintenance responsibilities with respect to Central Avenue."

However, Claimants contend that the Claims Commission took too narrow of a view of Tennessee Code Annotated section 9-8-307(a)(1)(C) by erroneously focusing on the point of impact, Central Avenue, in determining whether jurisdiction existed. Claimants argue that the State was negligent in failing to implement a plan to provide a safe means for students to reach their classes from the parking facilities provided by the University and that the lack of an adequate plan is a creation of a dangerous condition on state controlled real property. We think that Claimants' contention is clearly contrary to the statutory language used by the General Assembly.

While the pleadings give only a skeleton description of the area in which the accident occurred, documents submitted by the plaintiff with its Motion to Alter or Amend the Judgment

-4-

paint an accurate picture. Central Avenue is a five-lane thoroughfare built and maintained by the City of Memphis and lies to the immediate north of elements of the University of Memphis campus. Across Central Avenue from these portions of the campus, a parking area was constructed by the University paralleling the North boundary of Central Avenue for approximately half a mile. Within this same half-a-mile stretch of Central Avenue fronting the parking lot, three traffic controlled crosswalks are provided in order to allow pedestrians, including students parking in the North parking lot, to traverse Central Avenue and reach the campus. The problem is that apparently many students choose to cross Central Avenue at points other than the three provided crosswalks, and some of them, including the claimant in this case, are injured during such "jay-walking" by vehicular traffic on Central Avenue. The complaint appears to be that the state should provide more protected pedestrian crosswalks across Central Avenue, which is not state-controlled property.

Tennessee Code Annotated section 9-8-307(a)(1)(C) clearly and unambiguously requires that in order for the Claims Commission to have jurisdiction under this subsection, the injury must have resulted from a "dangerous condition on state controlled property." It is undisputed that at the time of Claimants' injuries, Mrs. Hampton-Cross was walking across Central Avenue in order to reach the University of Memphis campus. It is further undisputed by the parties that Central Avenue is a local city and/or county road and as such, is not state controlled real property. Since the State may only be sued in the instances stated in Tennessee Code Annotated, Section 9-8-307(a)(1) and Mrs. Hampton-Cross' accident occurred adjacent to state controlled real property, as opposed to on state controlled real property, we cannot find that the Claims Commission erred in finding that it had no jurisdiction in this matter.

Since the Tennessee Claims Commission lacked subject matter jurisdiction of the claim, the Motion to Set Aside the Order of Dismissal and to Allow Discovery would be pointless. The trial court did not err in denying Claimant's Motion to Alter or Amend the Judgment. *Harris v. Chern*, 33 S.W.3d 741 (Tenn.2000).

The judgment of the Claims Commission is in all respects affirmed, and costs of appeal are assessed to Appellants.

_____
WILLIAM B. CAIN, JUDGE