IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2022

**ANTHONY HERRON, JR. v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission**
**Nos.  T20180317, T20180318    James A. Hamilton, III, Commissioner**

———————————————————

**No. W2020-01731-COA-R3-CV**

———————————————————

This is a consolidated appeal involving two breach of contract actions filed against the Tennessee Department of Human Services in the Tennessee Claims Commission. Following the presentation of the claimant's proof, the Commissioner dismissed the action for lack of subject matter jurisdiction.  We affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and CARMA DENNIS MCGEE, J., joined.

Anthony Herron, Jr., Memphis, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General & Reporter; Andree Sophia Blumstein, Solicitor General; E. Ashley Carter, Senior Assistant Attorney General; and Shanell L. Tyler, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  BACKGROUND**

Anthony Herron, Jr. ("Claimant") filed two separate breach of contract actions, Case T20180317 ("Case 1") and Case T20180318 ("Case 2") against the Tennessee Department

of Human Services ("the Department").[1]  Claimant's claims arose from his involvement in the Department's Vocational Rehabilitation Program, which provides rehabilitation counseling and guidance to Tennessee residents.  Claimant applied for the program and, with the help of the Department, developed an Individualized Plan for Employment in which Claimant agreed to take classes that would enable him to become a flight instructor.  Claimant was unable to complete the program because the flight school closed unexpectedly.  Claimant has filed a series of claims against the Department since that time.

As pertinent to this appeal, in Case 1, Claimant alleged that on October 3, 2016, Department employees executed a written contract providing for his receipt of monthly payments in the amount of $6,250 in exchange for his participation in the program.  Claimant sought $300,000 in damages for breach of this alleged contract.

Similarly, in Case 2, Claimant alleged that on December 7, 2015, a Department employee executed a written contract providing for his receipt of monthly payments in the amount of $6,250 in exchange for his participation in the program.  He alleged that the employee later refused to remit payment in accordance with the contract.  Claimant sought $150,000 in damages for breach of this alleged contract.

The Department first moved for dismissal pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, claiming that sufficient proof of the alleged written contracts had not been provided to establish the Commission's subject matter jurisdiction.  Meanwhile, Claimant filed amended complaints with additional allegations.  The Commissioner disagreed, finding that the allegations in the amended complaint were sufficient to comply with Rule 10.03(2)[2] of the Tennessee Rules of Civil Procedure such that attachment of the contracts was not necessary to establish jurisdiction pending a final hearing on the claims.

The cases were consolidated for trial before the Claims Commission.  Prior to trial, Claimant submitted two documents, both entitled "Confidential Agreement," that purported to represent the terms of the contracts alleged by Claimant.  The Department filed amended answers and supporting affidavits, in which the Department's employees named in the agreements attested that the documents were fraudulent, not prepared by them, and unenforceable.  Claimant moved to withdraw the documents from the record.

Claimant did not present any documents in support of his claimed contracts at trial

---

[1] Claimant has appeared before this court once before with a similar factual scenario.  *See Herron v. State*, No. W2019-00595-COA-R3-CV, 2021 WL 1293218, at *3-6 (Tenn. Ct. App. Apr. 7, 2021) (affirming the dismissal of claimant's breach of contract action for lack of subject matter jurisdiction).

[2] "Whenever a claim or defense is founded upon a written instrument [], a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is . . . in the possession of the adverse party and this fact is stated in the pleading[.]"

- 2 -

and was the only witness to testify on his behalf. In support of his claimed contract, he cited Rule 1004(3) of the Tennessee Rules of Evidence, which provides, in pertinent part, that the original of a document is not required if the original is in possession of the opponent and "that party was put on notice by the pleadings or otherwise that the contents would be a subject of proof at the hearing."

The Department, in turn, moved for involuntary dismissal, arguing that Claimant had failed to prove the existence of the contracts at issue and that the Claims Commission lacked subject matter jurisdiction without proof of a written contract. The Commissioner agreed and entered orders of involuntary dismissal in both actions, finding that the jurisdiction of the Claims Commission is limited to a breach of written contract and that dismissal was warranted due to lack of subject matter jurisdiction because no proof had been entered of the alleged contracts. This appeal followed the denial of post-trial motions.

## II. ISSUE

The dispositive issue on appeal is as follows: Whether the Claims Commission properly dismissed the claims for lack of subject matter jurisdiction.

## III. STANDARD OF REVIEW

Our review of decisions of individual claims commissioners and those of the Claims Commission are governed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 9-8-403(a)(1). Decisions by the Claims Commission are reviewed pursuant to the standard of review for non-jury cases. Tenn. R. App. P. 13(d). The factual findings of the Claims Commission are reviewed de novo with a presumption of correctness. The presumption must be honored unless this court finds that the evidence preponderates against those findings. *Beare Co. v. State*, 814 S.W.2d 715, 717 (Tenn. 1991). Questions of law are reviewed de novo, without a presumption of correctness. *Crew One Prods, Inc. v. State*, 149 S.W.3d 89, 92 (Tenn. Ct. App. 2004).

## IV. DISCUSSION

The Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may direct." Tenn. Const. art. 1, § 17. "This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted); *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000). "The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." *Jones v.*

- 3 -

*L & N R.R.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

The legislature has waived its sovereign immunity as to certain actions brought before the Claims Commission. *See* Tenn. Code Ann. § 9-8-301, *et seq*. The relevant code section provides that "[t]he commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the [S]tate based on the acts or omissions of '[S]tate employees'" that fit within one of several categories. Tenn. Code Ann. § 9-8-307(a)(1). Outside of these categories, no jurisdiction exists for claims against the State.

The category at issue in this case, breach of a written contract, provides jurisdiction for "[a]ctions for breach of a *written contract* between the claimant and the state which was executed by [one] or more state officers or employees with authority to execute the contract." Tenn. Code Ann. § 9-8-307(a)(1)(L) (emphasis added). Section 9-8-307 unambiguously requires a written contract for the establishment of jurisdiction. *See Harris v. Tennessee Rehab. Initiative in Correction*, No. M2013-01858-COA-R3-CV, 2014 WL 1887302, at *3 (Tenn. Ct. App. May 8, 2014) (upholding the dismissal of a breach of contract claim for lack of subject matter jurisdiction when the claimants failed to provide proof of a written contract). Claimant failed to prove the existence of such a contract and may not rest upon Rule 1004(3) when faced with a factual challenge to his establishment of jurisdiction. *Herron*, 2021 WL 1293218, at *4-5. "It was Claimant's burden to affirmatively establish that the Commission had subject matter jurisdiction." *Id.* at *5. Accordingly, we affirm the Commissioner's dismissal of this consolidated action for lack of subject matter jurisdiction. All other issues are pretermitted by this court's determination.

## V. CONCLUSION

For the reasons stated above, we affirm the decision of the Claims Commission. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Anthony Herron, Jr.

_____
JOHN W. MCCLARTY, JUDGE